# Fritz *v.* New York, Chicago & St. Louis Railroad Co., Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for personal injuries, the question of the plaintiff's contributory negligence is for the jury, where the evidence tends to show that the plaintiff driving a buggy, approached a grade crossing of the defendant at about seven o'clock on a March evening; that he stopped, looked and listened at the place where it was usual to stop and look for approaching trains; that from this point there was an unobstructed view in the daytime for four squares or more in the direction from which the train was coming which continued until the track was reached; that plaintiff saw no train approaching and did not hear one coming; that he then proceeded, continuing to look and listen, and did not see the train which collided with his team until it was right upon him, and that the train which struck him was being pushed by an engine, and was made up of an open car in front with a box car in the middle, and that he saw no light on the front car.

Argued April 23, 1912.   Appeal, No. 339, Jan. T., 1911, by defendant, from judgment of C. P. Erie Co., Sept. T., 1909, No. 82, on verdict for plaintiff in case of Henry Fritz v. The New York, Chicago & St. Louis Railroad Company.   Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries, Before BENSON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frank Gunnison,* with him *Henry E. Fish, W. Pitt Gifford* and *A. O. Chapin,* for appellant.

*Charles C. Eaton,* with him *Ritchie T. Marsh,* for appellee.

PER CURIAM, May 13, 1912:

On the argument of this appeal the learned counsel for the appellant announced the abandonment of the first and second assignments of error, complaining of the charge of the court; and the only question that remained for determination was whether the jury should have been permitted to pass upon the defendant's liability.   That its negligence was a question for them seems to be conceded, but it is insisted that a verdict should have been directed for the defendant, in view of the contributory negligence of the plaintiff.   The inferences to be drawn from the facts upon which it relies as establishing the plaintiff's negligence are by no means free from doubt, and the court could not, therefore, have pronounced him guilty of contributory negligence.   His testimony, corroborated by his companion in the buggy, was that, as they approached the railroad crossing about 6.45 P. M., on March 11, 1909, he stopped, looked and listened at the place where it was usual to stop and look for approaching trains; that he saw no train approaching and did not hear one coming; that he then proceeded, continuing to look and listen, and did not see the train which collided with his team until it was right upon him.   Even though, from a point twenty-six or twenty-seven feet from the track on which the appellee's team was struck, there was an unobstructed view for four squares or more in the direction from which the train was coming, which continued until the track was reached, it is to be remembered that it was no longer daylight; that the train which struck the appellee was being pushed by an engine and was made up of an open car in front with a box car in the

middle, and that the plaintiff testified he saw no light
on the front car.   If there was a headlight on the front
of the engine, it may have been obscured by the box car
which was in front of it.   Nothing more need be said to
show that the contributory negligence of the plaintiff
was as much a question for the jury as was the negli-
gence of the defendant, and the judgment is, therefore,
affirmed.